ROBERT M. FLEMING, Judge Pro Tem.
On January 16, 1971, Thomas Clark, Jr., was operating a Grayline shuttle bus at the Fairgrounds in New Orleans, transporting patrons between the parking area and the club house. Martin Gattuso had stopped in the roadway for pedestrian traffic when his car was struck in the left rear by the bus. He brought this suit for damages. The district court rendered judgment in his favor in the amount of $25.00 for medical expenses; $250.00 for pain and suffering; $17.22 for drugs, automobile damages of $113.30 and an expert’s fee of $25.00. Plaintiff has appealed asking an increase in quantum and the defendant has appealed on the issue of "liability (arguing that in fact the car struck the bus).
The medical evidence presented was a report by Dr. Fisher and his bill for $210.-00. The trial court disallowed the bill in the full amount because there was no itemization and discounted the evidentiary value of the medical report because it was far from conclusive as to the treatment given. The record also shows that there is practically no testimony on behalf of the plaintiff concerning his pain and suffering.
In the recent case of Canter v. Koehring Co., 283 So.2d 716 (1973), the Supreme Court said:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
There is a conflict in the evidence concerning how the accident happened. As to the quantum the district court studied the medical report and observed the plaintiff. The lower court must have been impressed with the fact that Mr. Gattuso saw his lawyer before he saw his doctor.
We have reviewed the record and we do not feel we should disturb the factual conclusions of the trial court as we do not find that there was any manifest error on its part.
For the foregoing reasons, the judgment of the lower court is affirmed. Costs of this proceeding to be borne by plaintiff-appellant.
Affirmed.
STOULIG, J., concurs with written reasons.